**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.  1:25-cv-25081-KMM

**JOSE VILLATORO VASQUEZ,**

    Plaintiff,

v.

**PROFESSIONAL PARKING**
**MANAGEMENT CORPORATION,**

    Defendant.

_____/

**MOTION TO REMAND**

Plaintiff Jose Villatoro Vasquez moves to remand this case to Miami-Dade County Court.

**INTRODUCTION**

1. Defendant Professional Parking Management Corporation ("Defendant") invoked the jurisdiction of this Court by removing the above-captioned case from Miami-Dade County Court. Defendant is not explicitly required to establish subject-matter jurisdiction to remove a case pursuant to 28 U.S.C. § 1441(a); however, whether Defendant can exercise the removal mechanism and whether subject matter jurisdiction exists are two separate inquires.

2. As the party responsible for removing the case, Defendant bears the burden of establishing federal subject matter jurisdiction on a motion to remand and, *more pointedly*, as the party responsible for invoking this Court's jurisdiction, Defendant bears the burden of establishing the three elements of standing, *i.e.*, the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it. Defendant carries these burdens at all stages of this litigation, and at this stage, Defendant has neither satisfied

the standing burden it now carries, nor the overarching subject matter jurisdiction burden. For these reasons, Plaintiff moves to remand this case for lack of subject matter jurisdiction.

## BACKGROUND

3. On September 25, 2025, Plaintiff sued Defendant in Miami-Dade County Court (Case No. 2025-155378-SP-05) for violating 18 U.S.C. §§ 2721 and 2722 of the Drivers Privacy Protection Act (the "DPPA"), and 18 U.S.C. §§ 1692g and 1692(e) of the Fair Debt Collection Practices (the "FDCPA") by mailing a parking collection letter in connection with the collection of a consumer debt allegedly owed by Plaintiff.

4. As to the DPPA claim, Plaintiff argues that Defendant unlawfully accessed and obtained Plaintiff's personal information from a state motor vehicle department using his vehicle's license plate.

5. Plaintiff has standing in Miami-Dade County Court to sue Defendant for violating 15 U.S.C. § 1692c(b). Mittenthal v. Fla. Panthers Hockey Club, Ltd., 472 F. Supp. 3d 1211, 1225 n.4 (S.D. Fla. 2020) (quoting ASARCO, Inc. v. Kadish, 490 U.S. 605, 617, 109 S. Ct. 2037, 2045 (1989)) ("[t]he constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute.").

6. On November 3, 2025, Defendant removed Plaintiff's lawsuit to this Court pursuant to 28 U.S.C. § 1441(a). See D.E. 1.

## GOVERNING STANDARDS

7. "Where state and federal courts share subject matter jurisdiction, a removal statute may provide the procedural mechanism for transferring a case from one court to another, but the

removal statute is not the source of subject matter jurisdiction." Orange Cty. Water Dist. v. Unocal Corp., 584 F.3d 43, 49 (2d Cir. 2009).

8. "On a motion to remand, the removing party shoulders the burden of establishing federal subject-matter jurisdiction." Bowling v. United States Bank Nat'l Ass'n, 963 F.3d 1030, 1034 (11th Cir. 2020) (citing Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009)).

9. "Under settled precedent, the 'irreducible constitutional minimum' of standing consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it. **The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation**." Trichell v. Midland Credit Mgmt., 964 F.3d 990, *7 (11th Cir. 2020) (emphasis added) (citing and quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).

10. Pursuant to 28 U.S.C. 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

11. Pursuant to 28 U.S.C. 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

## ARGUMENT

12. With respect to the present matter, Defendant exercised the procedural mechanism of 28 U.S.C. § 1441(a) to remove Plaintiff's case from Miami-Dade County Court to this Court and, in so doing, invoked the jurisdiction of this Court. Indeed, Defendant is not required to establish the existence of subject matter jurisdiction, nor the subcategory of Article III standing, to exercise the removal mechanism – *however* – as the party responsible for invoking this Court's

jurisdiction *via* the procedural mechanism of 28 U.S.C. § 1441(a), Defendant carries both the burden of establishing subject matter jurisdiction for purposes of this Motion to Remand and, significantly, the more particularized burden of standing at this stage of the litigation.

13. Defendant has taken the position elsewhere that a party bringing a lawsuit against Defendant in federal court on identical facts does not possess Article III Standing. *See Richard Jeanmary, individually and on behalf of all others similarly situated, v. Professional Parking Management*, Case No. 0:24-cv-61213-AHS (S.D. Fla. 2024) [DE 31]. In *Jeanmary*, Defendant filed a Motion to Dismiss Plaintiff's First Amended Class Action Complaint arguing that its unlawful access and use of private DMV information to locate the plaintiff's name and home address using his vehicle's license plate caused the plaintiff no harm and therefore the plaintiff lacked Article III Standing. It appears Defendant takes differing positions regarding Article III standing depending on what party is bringing the action to federal court.

14. Defendant, as the party responsible *at this stage* for bearing the burden of establishing each of the three elements of standing *and* the overarching burden of federal subject matter jurisdiction, has failed to meet these burdens.

15. WHEREFORE, Plaintiff, respectfully, asks this Court to *remand* this case to Miami-Dade County Court for Defendant's failure to establish the three elements of standing, as well as the overarching burden of federal subject matter jurisdiction, and award Plaintiff attorney's fees and costs pursuant to 28 U.S. Code § 1447(c).

## CERTIFICATE OF GOOD FAITH CONFERENCE

16. The undersigned counsel represents that he conferred with counsel for Defendant regarding remanding this matter, of whom stated that Defendant *opposes* the relief sought herein.

DATED: November 19, 2025

Respectfully Submitted,

/s/ Talal Rashid
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail:   Talal@pzlg.legal
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:   305-332-6201

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 19, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Talal Rashid
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307